IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JONATHAN LANGVIN, | No. 3:21-cv-01595-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| CITY OF PORTLAND, a municipal corporation of the State of Oregon; SERGEANT BRENT MAXEY, in his individual capacity; and JOHN DOES 2-20, | |
| Defendants. | |

Judson Wesnousky
Berkshire Ginsburg, LLC
1216 SE Belmont St.
Portland, OR 97214

Shenoa L. Payne
735 SW First Ave, Ste. 300
Portland, OR 97204

    Attorneys for Plaintiff

Mallory R. Beebe
Portland City Attorney's Office
1221 SW Fourth Avenue, Room 430
Portland, OR 97204

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Jonathan Langvin brought this action on November 2, 2021, against the City of Portland ("the City"), Police Sergeant Brent Maxey, and several "John Doe" police officers. Plaintiff alleged on June 2, 2022, when was engaging in peaceful protest, Defendant Maxey shot him at point blank range with a non-lethal riot gun. He brought claims under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment and for violation of his First Amendment right to free speech and assembly. Plaintiff also brought a *Monell* claim against the City seeking damages and injunctive relief and a state-law battery claim against Defendant Maxey.

On March 23, 2022, Plaintiff filed a Notice of Acceptance of Offer of Judgment. ECF 26. The Offer of Judgment, made by Defendant City of Portland on March 21, 2022, granted judgment against the City in favor of Plaintiff for $26,001.00, plus costs, and "including reasonable attorney's fees to be determined by the Court, incurred as of the date of this offer[.]" *Id.* The offer required Plaintiff to dismiss the individual Defendants from the action with prejudice. *Id.* On April 15, 2022, the Court entered judgment for Plaintiff against Defendant City of Portland for the amount specified, including costs and reasonable attorney's fees, to be determined by the Court as of March 21, 2022. Judgment, ECF 27.

Plaintiff now moves for attorney fees and costs under the accepted Offer of Judgment and pursuant to Federal Rules of Civil Procedure 54 and 68. Plaintiff seeks $65,347.50 in attorney fees and $741.15 in costs. Defendant City of Portland does not object to an award of attorney fees and costs to Plaintiff, but Defendant contests the amount of attorney fees Plaintiff has requested. Defendant does not object to the amount of Plaintiff's requested costs.

2 – OPINION & ORDER

## DISCUSSION

Although Plaintiff brought claims under 42 U.S.C. § 1983, he is not a "prevailing party" under the accompanying fee-shifting statute, 42 U.S.C. § 1988. Instead, Plaintiff is entitled to attorney fees pursuant to the Offer of Judgment. Under Rule 68, an accepted offer of judgment becomes a settlement agreement. *Miller v. City of Portland*, 868 F.3d 846, 850 (9th Cir. 2017). Rule 68 offers of judgment are analyzed following principles of contract law. *Id.* at 851. "Accordingly, the usual rules of contract construction apply to interpreting the terms of a Rule 68 settlement offer in a § 1983 case." *Id.* (internal quotations and citations omitted).

According to the Offer of Judgment, Plaintiff is entitled to all "reasonable" attorney fees and costs incurred as of March 21, 2022. The Court must now determine whether the amount Plaintiff requests in his petition for attorney fees is reasonable. In doing so, the Court "has wide latitude," need not detail every numerical calculation, and may even make across-the-board percentage adjustments to Plaintiff's requested amount. *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001). But the court must provide "enough of an explanation to allow for meaningful review of the fee award." *Id.*

"The Ninth Circuit has held the 'lodestar' method should be used to calculate a reasonable attorney fees award when a Rule 68 Offer of Judgment provides for such award." *Topness v. Cascadia Behav. Healthcare*, No. 3:16-cv-2026-AC, 2017 WL 8895626, at *1 n.1 (D. Or. Oct. 17, 2017) (citing *Giovanni v. Bidna & Keys*, 255 F. App'x 124, 125 (9th Cir. 2007). Under the "lodestar" method, the Court first multiplies: (1) the number of hours reasonably expended on the litigation times (2) a reasonable hourly rate. *Staton v. Boeing Co.,* 327 F.3d 938, 965 (9th Cir. 2003). If circumstances warrant, the court then adjusts the lodestar amount to

account for the *Kerr* factors not subsumed within the initial lodestar calculation.[1] *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Factors that may justify variance from the lodestar calculation include the customary fee, whether the fee is fixed or contingent, fee awards in similar cases, the "undesirability" of the case, the nature and length of the attorneys' professional relationship with the client, and the preclusion of other employment by the attorneys due to acceptance of the case. *Kerr*, 526 F.2d at 70. A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and therefore, it should only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

Defendant does not seek a downward variation from the lodestar amount based on the *Kerr* factors. Rather, Defendant objects to Plaintiff's lodestar calculation itself on several grounds. Defendant contends: (1) the requested hourly rates are not reasonable; (2) several hours billed were duplicative; (3) hours billed for routine clerical tasks are not recoverable; (4) excessive time was billed before the Complaint was filed; (5) Plaintiff should not recover for time spent on an unsuccessful claim; and (6) hours spent on public records request and consulting outside attorneys are not recoverable. The Court addresses each of Defendant's objections and recalculates the lodestar amount accordingly.

---

[1] Factors subsumed within the lodestar include the novelty and complexity of the issues, special skill and experience of counsel, quality of the representation, results obtained, and the superior performance of counsel. *D'Emanuele v. Montgomery Ward & Co.,* 904 F.2d 1379, 1383 (9th Cir. 1990).

I.      **Reasonable Hourly Rate**

For the lodestar calculation, Plaintiff's attorney Judson Wesnousky submits an hourly rate of $325. Defendant asks the Court to reduce Mr. Wesnousky's hourly rate to $215.44. Attorney Shenoa Payne submits an hourly rate of $375, which Defendant argues should be reduced to $329.91.

In determining a reasonable hourly rate, the Court considers what a lawyer of comparable skill, experience, and reputation could command in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1033 (D. Or. 1996). A reasonable hourly rate for attorneys is based on rates in "the relevant community . . . in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). Judges in the District of Oregon use the Oregon State Bar Economic Survey ("OSB Economic Survey") as a benchmark for assessing the reasonableness of hourly billing rates. *See* Local Rule 54-3 Practice Tip ("[T]he court requests that fee petitions address the Economic Survey and provide justification for requested hourly rates higher than reported by the Survey."); *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002) (in determining the reasonable hourly rate, the District of Oregon uses the OSB Economic Survey "as an initial benchmark" and attorneys should "provide ample justification" for deviating from the Survey rates). The most recent OSB Economic

Survey was published in 2017.[2] Courts may also consider "the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno*, 534 F.3d at 1114 (9th Cir. 2008).

    A.    **Judson Wesnousky**

Mr. Wesnousky is a personal injury lawyer in Portland, Oregon who works for the law firm, Berkshire Ginsberg LLC. Wesnousky Decl. ¶¶ 2, 3, ECF 36. He graduated from law school in 2017. *Id.* ¶ 2. His standard hourly rate is $325 per hour. *Id.* ¶ 7. According to the OSB Economic Survey, the median hourly rate for a private practice attorney in Portland, Oregon is $300. For attorneys with 4 to 6 years of experience, the median hourly rate is $250 and the 75th percentile hourly rate is $300. Adjusted for inflation, the 50th percentile and 75th percentile hourly rates for an attorney with Mr. Wesnousky's experience in January 2021, when he began working on this case, would have been $269.30 and $323.15, respectively.[3] Thus, Mr. Wesnousky's standard hourly rate and the hourly rate Plaintiff seeks to apply to his request attorney fees are on par with the 75th percentile hourly rate for an attorney with Mr. Wesnousky's experience in the region where he practices.

Defendant argues that Mr. Wesnousky's hourly rate should be reduced because he lacks specific relevant experience with police use-of-force cases such as this one. Defendant claims Mr. Wesnousky's lack of experience with the specific issues and claims in this case supports a downward variance from his standard hourly fee. But the Court finds Plaintiff's hourly rate request for Mr. Wesnousky to be reasonable. The complexity of bringing § 1983 claims for

---

[2] The most recent OSB Economic Survey is available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf
[3] The rated adjusted for inflation was calculated using the Bureau of Labor Statistics CPI Inflation Calculator, found at https://www.bls.gov/data/inflation_calculator.htm

police use-of-force, and the dearth of attorneys available to take the high number of cases that arose out of the police response to the 2020 protests, compensates for Mr. Wesnousky's lack of specific experience and justifies an hourly rate at the 75th percentile. *See* Albies Decl. ¶ 8, ECF 33 ("Our office received over 100 inquiries from demonstrators who were harmed by police violence, most of which we had to refer out due to our limited capacity."). In addition, the risk of non-payment when an attorney takes on a civil rights case on a contingent fee basis justifies an hourly rate that is above the median. Thus, the Court finds Plaintiff's requested hourly rate for Mr. Wesnousky to be reasonable and adopts a rate of $325 per hour for the lodestar calculation.

### B. Shenoa Payne

Ms. Payne graduated from law school in 2008, and after serving as an associate at a law firm, she has been in solo practice since 2015. Payne Decl. ¶¶ 2-4, ECF 35. Her practice focuses on civil litigation and appellate practice, and she has experience litigating federal civil rights cases. *Id.* ¶¶ 4, 5. Ms. Payne has litigated sixteen federal civil rights cases in district court. Payne Suppl. Decl. ¶ 2, ECF 48.

Ms. Payne's standard hourly rate was $375 starting in January 2021, which she increased to $425 in May 2022. *Id.* 17, 21. In Portland, Oregon, the median and 75th percentile hourly rates for an attorney with 13-15 years of experience are $300 ($329.91 adjusted for inflation) and $375 ($413.39 adjusted for inflation), respectively.[4] OSB Economic Survey. Ms. Payne submits the declarations of two Oregon attorneys experienced in civil rights litigation, both of whom conclude that Ms. Payne's hourly rate of $375 is below market value based on her skills and experience. *See* Albies Decl. ¶ 9; Park Decl. ¶ 10, ECF 34.[5]

---

[4] The rate is adjusted for inflation as of April 2021, when Ms. Payne began working on this case.
[5] J. Ashlee Albies is civil rights litigator with 16 years of experience and is the former Chair of the Oregon State Bar Civil Rights Section Executive Committee. Albies Decl. ¶¶ 2,5. David D.

7 – OPINION & ORDER

Because of Ms. Payne's qualifications and specific experience litigating civil rights cases as well as the complex issues involved in this § 1983 excessive force case, an hourly rate between the 50th and 75th percentile is appropriate. The Court finds Plaintiff's requested hourly rate of $375 for Ms. Payne to be reasonable and adopts that rate for the lodestar calculation.

## II.     Hours Reasonably Expended

It is the fee claimant's burden to show that the number of hours spent on the case was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("Plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their [ ] claims.").

Plaintiff seeks compensation for 117.3 hours of work performed by attorney Judson Wesnousky and 72.6 hours of work performed by attorney Shenoa Payne. Defendant argues that the number of hours billed are excessive for a case that the parties settled four and half months after it was filed. Defendant seeks to reduce the number of hours billed for duplicated work. Defendant also objects to Plaintiff seeking recovery for clerical time billed, for excessive hours billed before the case was filed, for hours billed on an "unsuccessful" claim for injunctive relief, and for some hours billed for additional tasks. Defendant asks the Court to reduce the number of hours billed by Mr. Wesnousky to 57.25 hours and those billed by Ms. Payne to 26.5 hours.

---

Park has been a practicing attorney for 41 years, has experience litigating § 1983 police misconduct and excessive force cases, and served on the Oregon State Bar Civil Rights Section Executive Committee from 2002 to 2007. Park Decl. ¶¶ 2, 4, 5.

8 – OPINION & ORDER

A.     **Duplicative Billing**

The Court may reduce the number of hours for the lodestar calculation if the lawyers performed unnecessarily duplicative work. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). While "[a] party is certainly free to hire and pay as may lawyers as it wishes, [it] cannot expect to shift the cost of any redundancies to its opponent." *Nat'l Warranty Ins. Co. v. Greenfield,* No. CV-97-1654-ST, 2001 WL 34045734, at *5 (D. Or. Feb. 8, 2001). For example, "[w]hen attorneys hold a telephone or personal conference, good 'billing judgment' mandates that only one attorney should bill that conference to the client, not both attorneys." *Id.; see also United States v. Montagne Dev., Inc.*, 3:11-cv-01191-PK, 2014 WL 2334209, at *5 (D. Or. Mar. 10, 2014) (reducing duplicative hours for "multiple attorneys billing for the same mediation, the same conference with opposing counsel, or the same intra-office conference").

But in complex cases, courts "expect *some* degree of duplication as an inherent part of the process." *Moreno*, 534 F.3d at 1112 (emphasis in original). In determining whether hours were inappropriately duplicative, courts should consider the complexity of the case or the extent to which the attorneys handled distinct aspects of the task billed. *Montagne Dev., Inc.*, 2014 WL 2334209, at *5. "To correct for this duplication by two attorneys, the higher billing rate of the two attorneys should be allowed." *Miranda-Olivares v. Clackamas Cnty.,* No. 3:12-CV-02317-ST, 2015 WL 5093752, at *8 (D. Or. Aug. 28, 2015).

Defendant has provided the Court with a spreadsheet detailing the billed tasks by Plaintiff's two attorneys that Defendant believes are duplicative. Defendant asserts that 16.2 hours billed by each attorney duplicated the work of the other. Beebe Decl. Ex. 2, ECF 45-1. For example, each attorney billed separately several times for "strategy meeting," "strategize," or "strategy call" with the other. *Id.* Both attorneys also billed for meetings with their client and

with opposing counsel. *Id.* On the other hand, the Court finds that some tasks Defendant claims were duplicative either involved distinct tasks by each attorney or were tasks for which only one attorney billed. Such tasks include reviewing and revising drafts of a public records request and the complaint and certain communications between Plaintiff's attorneys and with opposing counsel.

The Court finds that 13.6 hours billed by Mr. Wesnousky were duplicative of the same hours billed by Ms. Payne. *See* Appendix A. Because the Court allows the higher rate to be billed, Plaintiff may recover those duplicated hours at Ms. Payne's hourly rate of $375. Thus, the Court reduces Mr. Wesnousky's billed hours by 13.6 hours.

### B. Clerical Time Billed

Defendant seeks to deduct from the lodestar calculation several hours that Plaintiff's attorneys billed for administrative or clerical tasks. Time spent by counsel on routine clerical tasks are typically considered "to be overhead expenses already included in the hourly rate, and therefore excluded from the lodestar calculation." *Egan v. Midland Funding, LLC*, No. 3:16-cv-01847-PK, 2017 WL 5493991, at *5 (D. Or. Aug. 28, 2017). Thus, "purely clerical or secretarial tasks should not be billed at a [lawyer's] rate, regardless of who performs them." *Id.* (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)).

Defendant has identified 4.7 hours billed by Mr. Wesnousky and 1.0 hour billed by Ms. Payne that it believes to be clerical. Beebe Decl. Ex. 3. These tasks include "scheduling meetings, calendaring dates, and service-related items." Def. Obj. Pl. Pet. Att'y. Fees 5, ECF 44. Mr. Wesnousky concedes that 3.6 hours he billed were for clerical tasks, and Plaintiff agrees to reduce the lodestar hours for Mr. Wesnousky accordingly. But Plaintiff argues the remaining 1.1 hours identified by Defendant, which were spent drafting a motion for extension and sending a

client email that included a scheduling component, were not clerical. The Court agrees and reduces Mr. Wesnousky's billed hours by 3.6 for the lodestar calculation.

The Court also finds that 0.6 hours billed by Ms. Payne were for clerical tasks. Tasks identified by Defendant totaling 0.4 hours—emailing defense counsel and communicated with co-counsel regarding Defendant's missing exhibits—were not clerical. The Court, therefore, reduces Ms. Payne's billed hours by 0.6 for the lodestar calculation for clerical time billed.

### C.     Prefiling Time Billed

Plaintiff's attorneys worked on the case for eleven months and billed for 66 hours before they filed the initial complaint. Defendant objects to Plaintiff's request to recover fees for all the hours his attorneys billed for work done before the case was filed. Defendant argues that 30 hours is a more appropriate amount of pre-litigation time for Plaintiff's attorneys to have spent on the case. But Defendant cites no authority which holds that all hours billed before a case is filed are not fully recoverable as attorney fees. And Defendant provides no rationale for why 30 hours pre-litigation is reasonable but 66 hours, as requested by Plaintiff, is not.

Plaintiff's counsels' hours spent before filing the complaint are reasonable. As the Ninth Circuit has noted, "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "the payoff is too uncertain." *Moreno*, 534 F.3d at 1112. The Court finds that Plaintiff's attorneys did not work unnecessary hours preparing to file the case. Much of the prefiling hours billed by Plaintiff's attorneys were for tasks such as attempting to identify the proper individual defendant police officers. Plaintiff's attorneys also consulted outside experts in order to refine the complaint and bring the most effective case possible for their client. Thus, the Court declines to reduce the number of hours in the lodestar calculation solely for the reason that the work was performed before the case was filed.

### D. Time Spent on Seeking Injunctive Relief

Defendant asks the Court to deduct the number of hours Plaintiff's attorneys spent on his claim seeking injunctive relief. Defendant argues Plaintiff cannot recover attorney fees for those hours because he did not succeed in obtaining an injunction. The degree of success obtained and the relationship between successful and unsuccessful claims are factors the district court considers in determining the lodestar amount. *See Gates v. Deukmejian*, 987 F.2d 1392, 1404 (9th Cir. 1992) ("[T]he favored procedure is for the district court to consider the extent of the plaintiff's success in making its initial determination of hours reasonably expended at a reasonable rate, and not in subsequent adjustments to the lodestar figure."). "[W]here the plaintiff achieved limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440.

"Nonetheless, a plaintiff does not need to receive all the relief requested in order to show excellent results warranting the full compensatory fee." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). The hours spent on an unsuccessful claim should be deducted only if that claim "is distinct in all respects from [the] successful claims." *Id.*; *see Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995) (explaining that if claims are distinctly different, "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee"). But where the claims in a suit are related, "a plaintiff who has won substantial relief should not have his attorney's fees reduced simply because the district court did not adopt each contention raised." *Hensley*, 461 U.S. at 440. Claims are related "if they involve a common core of facts *or* are based on related legal theories." *Dang*, 422 F.3d at 813 (emphasis in original). "At bottom, the focus is on whether the unsuccessful and successful claims arose out of the same course of conduct." *Id.* (internal citations and quotations omitted).

12 – OPINION & ORDER

Defendant asserts that 70.1 hours—39.20 hours billed by Mr. Wesnousky and 30.90 hours billed by Ms. Payne—were for tasks directly related Plaintiff's claim for injunctive relief. Beebe Decl. Ex. 6, ECF 45-1. Defendant argues that these hours should be excluded from the attorney fees award because Plaintiff did not obtain the injunctive relief he sought. But Defendant's argument fails for two reasons.

First, while Defendant is able to separate certain tasks Plaintiff's attorneys spent on seeking injunctive relief from Plaintiff's claims for damages, the claims themselves are not unrelated. Plaintiff did not bring a separate claim for injunctive relief. Rather, in his third claim asserting *Monell* liability against the City, Plaintiff sought both compensatory damages *and* injunctive relief. Thus, his proposed remedy of injunctive relief arose from the same "common core of facts" as his claim for damages against the City. *Dang*, 422 F.3d at 813. Plaintiff's attorneys spent several hours working on injunctive relief in large part because Defendant filed a partial motion to dismiss. Defendant argued that Plaintiff lacked standing to seek prospective injunctive relief. Plaintiff's attorneys billed several hours for researching the issue of standing for prospective relief and drafting a response to Defendant's motion to dismiss. Plaintiff had not yet filed a response and the Court had not ruled on the motion to dismiss when Defendant made and Plaintiff accepted the Offer of Judgment. Thus, the Court cannot fully separate Plaintiff's proposed remedy of injunctive relief from his claim for damages against the City. Because time spent seeking injunctive relief is not wholly separable from Plaintiff's damages claims, the Court "must consider the excellence of the overall result" when it determines whether Plaintiff's requested attorney fees are reasonable in light of Plaintiff's success. *Silvia v. Multnomah Cnty.*, No. CV. 07-1677-PK, 2009 WL 1162085, at *6 (D. Or. Apr. 29, 2009) (quoting *McCown v. City of Fontana*, 550 F.3d 918, 924 (9th Cir. 2008).

13 – OPINION & ORDER

Second, Plaintiff seeks "reasonable" attorney fees based on a Rule 68 offer of judgment rather than 42 U.S.C. § 1988 or any other statutory provision. Rule 68 offers of judgment are interpreted following principles of contract construction. *Miller*, 868 F.3d at 851. As a result, Plaintiff is "entitled to rely on the plain language of the offer they accepted and any ambiguities are construed against the drafter." *Id.* The Offer of Judgment, drafted by Defendant and accepted by Plaintiff, includes an award of "reasonable attorney's fees to be determined by the Court, incurred as of the date of this offer." Notice of Acceptance of Offer of Judgment, ECF 26. The Offer of Judgment did not limit attorney's fees to time Plaintiff's attorneys spent on particular claims or for particular types of relief.

The Court finds the number of hours billed by Plaintiff's attorneys in working on injunctive relief to be reasonable and recoverable under the Offer of Judgment. The Court denies Defendant's requested deduction of 70.1 hours from the lodestar calculation.

### E.    Public Records Request and Consulting Outside Attorneys

Defendant asks the Court to reduce by 50% Plaintiff's requested 5.1 hours for time his attorneys spent drafting a public records request prior to initiating litigation. Beebe Decl. Ex. 8, ECF 45-1. Defendant argues that the time Plaintiff's attorneys spent on this task was excessive. But Defendant provides no support for its conclusion and no basis for its preferred number of hours for this task.

Defendant also seeks to deduct 8.3 hours that Plaintiff's attorneys billed for consulting outside attorneys before filing the complaint. Defendant argues that those consultations were unnecessary. The Court disagrees. Consulting other attorneys before litigation may help define potentially successful claims and streamline the litigation. Again, because the attorneys took this case on a contingent fee basis, they were unlikely to spend time on tasks that were unnecessary

to the litigation. Accordingly, the Court declines to reduce Plaintiff's requested hours for drafting a public records request and consulting outside attorneys prior to initiating litigation.

### III.  Adjusted Attorney Fees and Costs

#### A.  Adjusted Lodestar Amount

The Court reduces Plaintiff's requested hours for Mr. Wesnousky by 13.6 hours for duplicative billing. The Court also deducts the following number of hours billed for clerical tasks: 3.6 hours billed by Mr. Wesnousky and 0.6 hours billed by Ms. Payne. Elimination of these hours reduces the attorney fee award by $5,815.

For the lodestar calculation, Mr. Wesnousky's adjusted billed time is 100.1 hours, billed at an hourly rate of $325. Ms. Payne's adjusted time is 72 hours, billed at an hourly rate of $375. The total adjusted award of attorney fees is $59,272.50.

| **Attorney** | Requested Rate | Requested Hours | Requested Lodestar Amount | Awarded Rate | Awarded Hours | Lodestar Amount |
|---|---|---|---|---|---|---|
| Wesnousky | $325 | 117.3 | $38,122.50 | $325 | 100.1 | $32,532.50 |
| Payne | $375 | 72.6 | $27,225.00 | $375 | 72 | $27,000.00 |
| **Total** | | 189.9 | $65,347.50 | | **172.1** | **$59,532.50** |

Defendant does not seek any further adjustment after the lodestar has been calculated. The Court finds no reason to deviate from the adjusted lodestar amount based on the *Kerr* factors.

#### B.  Total Attorney Fees and Costs

Plaintiff requests total costs of $741.15, to which Defendant does not object. The Court finds the amount of costs Plaintiff requests to be reasonable. Thus, the Court awards $59,532.50

in attorney fees, awards $741.15 in costs, and calculates the overall award of fees and costs to be $60,273.65.

## CONCLUSION

Plaintiff's Petition for Attorney Fees and Costs [31] is GRANTED. Pursuant to Plaintiff's accepted Offer of Judgment, the Court awards Plaintiff $60,273.65 in attorney fees and costs.

IT IS SO ORDERED.

DATED:   September 30, 2022   .

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

## APPENDIX A
## DUPLICATIVE BILLING

| Date | Description | Hours | Hourly Rate | Amount Deducted |
|---|---|---|---|---|
| 4/29/2021 | Conference with co-counsel | 0.6 | $325 | $195.00 |
| 5/20/2021 | Case strategy conference with co-counsel | 1.6 | $325 | $520.00 |
| 6/9/2021 | Travel to meet client | 1.1 | $325 | $357.50 |
| 6/10/2021 | Debrief/strategy session with co-counsel | 0.4 | $325 | $130.00 |
| 7/7/2021 | Case strategy meeting | 0.2 | $325 | $65.00 |
| 7/12/2021 | Strategize re: tone and language of complaint | 0.2 | $325 | $65.00 |
| 7/22/2021 | Strategize re: response to public records request | 0.5 | $325 | $162.50 |
| 9/2/2021 | Strategy call with co-counsel re: drafting complaint | 0.3 | $325 | $97.50 |
| 9/9/2021 | Strategy session with co-counsel re: drafting complaint | 0.3 | $325 | $97.50 |

| Date | Description | Hours | Rate | Total |
|---|---|---|---|---|
| 10/6/2021 | Strategy session with co-counsel re: drafting complaint | 0.5 | $325 | $162.50 |
| 10/12/2021 | Strategy session with co-counsel re: drafting complaint | 0.4 | $325 | $130.00 |
| 10/27/2021 | Strategy session with co-counsel re: drafting complaint | 0.3 | $325 | $97.50 |
| 12/7/2021 | Strategy session with co-counsel re: service on the City | 0.3 | $325 | $97.50 |
| 12/15/2021 | Correspondence with City Attorney | 0.2 | $325 | $65.00 |
| 12/16/2021 | Communications from City Attorney | 0.2 | $325 | $65.00 |
| 12/17/2021 | Correspondence with City re: scheduling conf. | 0.2 | $325 | $65.00 |
| 1/4/2022 | Strategy Meeting after R26 conference | 0.3 | $325 | $97.50 |
| 1/11/2022 | Strategize re: privilege log | 0.1 | $325 | $32.50 |
| 1/12/2022 | Strategize re: privilege log | 0.1 | $325 | $32.50 |

| Date | Description | Hours | Rate | Total |
|---|---|---|---|---|
| 1/22/2022 | Strategy conference re: initial disclosures | 0.5 | $325 | $162.50 |
| 1/25/2022 | Strategize re: client's production of documents | 0.2 | $325 | $65.00 |
| 1/31/2022 | Strategy meeting re: motion to dismiss | 0.2 | $325 | $65.00 |
| 2/2/2022 | Conferral call with City Attorney | 0.8 | $325 | $260.00 |
| 2/2/2022 | Conference call following conferral with City attorney | 0.4 | $325 | $130.00 |
| 2/3/2022 | Strategy meeting | 0.2 | $325 | $65.00 |
| 2/7/2022 | Strategy call with outside counsel | 0.5 | $325 | $162.50 |
| 2/7/2022 | Strategy meeting | 0.2 | $325 | $65.00 |
| 2/8/2022 | Conference with City Attorney | 0.2 | $325 | $65.00 |
| 2/8/2022 | Strategy session | 0.2 | $325 | $65.00 |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 2/17/2022 | Conferral call with City Attorney | 0.2 | $325 | $65.00 |
| 2/22/2022 | Strategize re: response to motion to dismiss FAC | 0.6 | $325 | $195.00 |
| 3/1/2022 | Co-counsel discussion regarding police videos | 0.2 | $325 | $65.00 |
| 3/10/2022 | Co-counsel discussion of police video | 0.3 | $325 | $97.50 |
| 3/14/2022 | Strategy session re: settlement offer | 0.5 | $325 | $162.50 |
| 3/17/2022 | Strategy meeting re: motion to dismiss | 0.2 | $325 | $65.00 |
| 3/21/2022 | Conference with client re: offer of judgment | 0.4 | $325 | $130.00 |
| **Totals** | | **13.6** | | **$4,420.00** |